IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **BONNIE PAULER** | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL NO. 2:10-cv-_____ |
| **ST. MARY LAND & EXPLORATION COMPANY** | § § § | |
| | § | **JURY DEMAND** |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Bonnie Pauler, hereinafter "Plaintiff" or "Pauler" and files this her Original Complaint under the laws of the State of Texas, to recover damages from and declaratory judgment against St. Mary Land & Exploration Company, hereinafter "Defendant" or "St. Mary", for the wrongful conduct which defendant has committed. Plaintiff would respectfully show this Honorable Court the following:

### I.
### JURISDICTION

1.  The parties to this proceeding are citizens of different states and the amount in controversy is more than $75,000.00, exclusive of interest and costs. Jurisdiction of this matter is proper pursuant to 28 U.S.C. § 1332(a).

### II.
### PARTIES

2.  Bonnie Pauler, formerly known as Bonnie Spence, is a citizen of Panola County, Texas.

3.  St. Mary Land & Exploration Company is a Delaware corporation, with its

principal place of business in Colorado, and is authorized to do business in Texas. St. Mary is now, and at all times relevant hereto, doing business in the Marshall Division of the Eastern District of Texas by operating natural gas and/or oil wells and transacting related business thereto. Service of process is proper on its designated agent for service of process Corporation Service Company d/b/a CSC-Lawyers Incorporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## III.
## VENUE

4. Venue of this action is proper in the Eastern District of Texas, Marshall Division, pursuant to 28 U.S.C. § 1391, as defendant resides in this district, and is subject to personal jurisdiction in this district. Further, the property in question is located in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## IV.
## STATEMENT OF FACTS

5. This lawsuit arises out of a dispute over the ownership interest in certain mineral interest. Plaintiff is the third party beneficiary of an agreement between Reynolds Drilling Co., Inc., and Tom Ben Williams.

6. As a part of that agreement, an overriding royalty interest was granted to plaintiff, Bonnie Pauler in the Eva Osborne Gas Unit.

7. Numerous wells were drilled in the Eva Osborne Gas Unit. Upon information and belief, from the first production runs from the wells on this unit, plaintiff was paid an overriding royalty interest. This unit having been formed in the early 1980s.

8. Reynolds Drilling Co., Inc. was the operator of this unit until February 1996

at which time Arrowhead Enterprises, Inc. began operating this unit. Arrowhead Enterprises, Inc. continued paying Plaintiff the overriding royalty that she was rightfully due.

9. Upon Information and belief, defendant, St. Mary, took over operations of the unit in question in 1996. Defendant continued to pay Plaintiff the overriding royalty that she was due until about March of 2008. Defendant terminated the payment of royalties based upon "failure of title".

10. Despite a course of conduct over the better part of 25 years by the original parties to the transactions and their successors in interest, St. Mary unilaterally determined that said overriding royalty was never granted to Bonnie Pauler.

11. Plaintiff at all times relevant hereto has received Form 1099s from the respective operators, including Defendant, evidencing the payment of an obligation from Defendant.

## CAUSES OF ACTION

### V.
### MONEY HAD AND RECEIVED

12. Defendant is in possession of overriding royalty payments due Plaintiff which Defendant refuses to pay Plaintiff. Plaintiff is entitled to damages for the failure of Defendant to timely pay Plaintiff the monies due her.

13. Whenever it is said that the employee of Defendants did or failed to do any act or thing, it was done in his capacity as an employee, representative, servant, or agent of Defendants, with full authorization or ratification of said Defendant, and in the course and scope of his employment as an employee, representative, servant, or agent of Defendants.

## VI.
## GROSS NEGLIGENCE

14. Plaintiff realleges the above allegations and incorporates them by reference.

15. Defendants' conduct as set forth above and constituted gross negligence and malice, in that, when viewed objectively from the standpoint of the Defendant at the time of the act or omission, the conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and in that Defendant had actual, subjective awareness of the risk involved, but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others.

## VII.
## BREACH OF CONTRACT

16. An agreement existed between Tom Ben Brown, and Defendant's predecessor in interest Reynolds Drilling Co, Inc. "Reynolds" for the payment of certain overriding royalties to Plaintiff. Defendant, as successor in interest to Reynolds is bound to perform said obligations and has failed to do so. Plaintiff, as the third party beneficiary of those agreements has suffered loss by the failure of Defendant to adhere to the agreements made.

## VIII.
## CONTRACT IMPLIED IN FACT

17. In the alternative, Plaintiff pleads for the enforcement of a contract implied in fact as a result of the course of dealing between the parties and their respective predecessors in interest.

## IX.
## CONSTRUCTIVE TRUST

18. In the alternative, Plaintiff seeks the imposition of a constructive trust, in equity, to redress the unjust enrichment of Defendant and to return unto her what is rightfully hers. Plaintiff would show that fiduciary and/or confidential relationship existed between Reynolds and Tom Ben Williams, to which Plaintiff was a third party beneficiary. Plaintiff received the benefit of an agreement written, or verbal, in the form of payments of overriding royalty from the time of the first runs on the units in question until the wrongful termination by Defendant in 2009. Reynolds, its successor in interest, Arrowhead, and Defendant, for more than two decades recognized the agreement that provided for overriding royalty payments to Plaintiff. Defendant, upon purchasing its interest in the units failed to pay consideration for the benefit it now seeks to confer upon itself through unilaterally disavowing that an overriding royalty interest is owned by Plaintiff. Defendant seeks to take advantage of the passage of time and claim that no such agreements ever existed despite the fact that Defendant recognized, acknowledged, and in fact performed under said agreement for two years.

## X.
## CONVERSION

19. Defendant is in possession of property that is owned by Plaintiff over which Defendant has wrongfully exerted its control. Such conduct amounts to conversion as a result of which Plaintiff has suffered damages.

## IX.
## CONSTRUCTIVE TRUST

18. In the alternative, Plaintiff seeks the imposition of a constructive trust, in equity, to redress the unjust enrichment of Defendant and to return unto her what is rightfully hers. Plaintiff would show that fiduciary and/or confidential relationship existed between Reynolds and Tom Ben Williams, to which Plaintiff was a third party beneficiary. Plaintiff received the benefit of an agreement written, or verbal, in the form of payments of overriding royalty from the time of the first runs on the units in question until the wrongful termination by Defendant in 2009. Reynolds, its successor in interest, Arrowhead, and Defendant, for more than two decades recognized the agreement that provided for overriding royalty payments to Plaintiff. Defendant, upon purchasing its interest in the units failed to pay consideration for the benefit it now seeks to confer upon itself through unilaterally disavowing that an overriding royalty interest is owned by Plaintiff. Defendant seeks to take advantage of the passage of time and claim that no such agreements ever existed despite the fact that Defendant recognized, acknowledged, and in fact performed under said agreement for two years.

## X.
## CONVERSION

19. Defendant is in possession of property that is owned by Plaintiff over which Defendant has wrongfully exerted its control. Such conduct amounts to conversion as a result of which Plaintiff has suffered damages.

## XI.
## DECLARATORY JUDGMENT

20.     A dispute exists between Plaintiff and Defendant over the ownership of the overriding royalty interest in question and whether the monies received by Plaintiff are rightfully hers.  Plaintiff seeks a declaration by this Court that Plaintiff is, and has always been, the owner of an overriding royalty interest in the unit set forth above and that the monies received by her are rightfully hers.

## XII.
## DAMAGES

21.     Upon the trial of this cause, it will be shown that Plaintiff was caused to suffer damages as a result of Defendant's acts and/or omissions. From the date of the breach in question until the time of trial of this cause, and into the future, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff are as follows:

a) The amount of monies due to plaintiff under the contract;

b) Exemplary and punitive damages;

c) Attorneys' Fees.

## XIII.
## INTEREST

22.     Plaintiff also seeks prejudgment and post-judgment interest as allowed by law.

## XIV.
## PRAYER

23.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that upon final trial Plaintiffs have:

24. Judgment against Defendants for a sum exclusive of interest, costs, attorneys' fees, or punitive/exemplary damages in excess of $75,000;

25. Prejudgment interest as provided by law;

26. Interest after judgment as provided by law;

27. Costs of suit;

28. Attorneys' Fees;

29. Declaration of the rights of Plaintiff and the obligation of Defendant; and

30. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Michael T. Runyan
Michael T. Runyan
michael@runyanlaw.com
SBOT #24033143
RUNYAN LAW FIRM, PC
305 W. Rusk St.
Marshall, Texas  75670
(903) 935-7700 Telephone
(903) 935-7702 Fax
Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**